# THE ILLINOIS CENTRAL RAILROAD COMPANY
## v.
## NELSON T. WATERS.

1. CARRIERS — *liability for damages by reason of delay in transportation — duty of the shipper.* Where a lot of cattle is placed in cars provided for them by a railroad company, for transportation, in time for the next regular cattle train, the station agent of the company at the place of shipment having knowledge of the fact, it is the duty of the company to carry the cattle by the next train, and by their neglect so to do they will be liable for whatever damage may result to the cattle by reason of the delay.

2. Where the train which should have taken the cattle, passed the station at which they were waiting between ten and eleven o'clock at night, and the owner allowed the cattle to remain in the cars until nine o'clock the next morning before he took them out, he was not chargeable with any want of proper diligence in removing them. It was not his duty, although he did not then intend to allow the company to complete the carriage, at once, upon the passing of the train at such an hour in the night, to take the cattle out of the cars to prevent injury to them by being thus confined.

3. MEASURE OF DAMAGES *in such a case.* The damages resulting to cattle from being confined in cars an improper length of time, are matter, in a great degree, of opinion. The fact that the cattle were without food, under circumstances where the owner could not properly be expected to provide it, is a proper element to enter into the calculation of damages.

APPEAL from the Circuit Court of Iroquois county; the Hon. CHARLES R. STARR, Judge, presiding.

This was an action on the case brought in the court below by Nelson T. Waters, against the Illinois Central Railroad Company, as a common carrier, for injury to a lot of cattle, resulting from delay in transportation.

A trial resulted in a verdict in favor of the plaintiff for $290, and judgment was entered accordingly, from which the company took this appeal.

So much of the case as is necessary to an understanding of the questions decided, will be found in the opinion of the court.

Messrs. WOOD & LONG and Mr. GEORGE C. CAMPBELL, for the appellant.

Mr. T. LYLE DICKEY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case brought in the Iroquois Circuit Court by Nelson T. Waters, against the Illinois Central Railroad company, as a common carrier, for neglecting to carry forty-four head of cattle from Loda to Chicago, and detaining them in the cars on the track at Loda one night.

The proof shows, the cattle were put on the cars in time for the regular night train, with the knowledge of the station agent; and that, soon after they were put on, two cattle trains of defendants passed the station without stopping to take those cars. This was between ten and eleven o'clock at night.

The cattle remained on the cars all night, when plaintiff took them out and drove them home.

They were considerably injured by remaining in the cars, the extent of which was left to the jury, on the evidence.

The only question is one of damages. The appellants make the point, that, after the trains had passed without taking the plaintiff's cattle, he should *then* have unloaded them if it was the intention of the owner not to allow appellants to complete the carriage, and the company would have been liable only for the expenses of loading and unloading, which would have been about twelve dollars, and for such other damages as the cattle might have sustained, and that there was nothing to prevent the unloading "except simply to help roll the cars along to the shute," and if this had been done the cattle would have suffered no appreciable damage, and by not doing this the appellee was guilty of negligence. The appellants press this point with apparent earnestness and confidence, but we are unable to discover its force.

It is rather too much for a railroad company, whose agent has neglected his duty, which it appears this agent did, by not signaling the cars to stop, to require a shipper of cattle, who has done all his duty by placing them on the cars, to unload them, and hunt a place to keep them securely, at eleven o'clock at night. The shipper was bound to no such diligence. When

the cattle were placed on the cars provided for them, it was the duty of the company to carry them by the first train, as they were in time for it.   The agent did not signal the train to stop, and the shipper was constrained to leave his cattle all night in the cars, and until nine o'clock the next morning, by which they suffered very considerable damage, as they came out "jammed, lank and rough, and one steer had a horn knocked off."   They were fat cattle, and all of them were more or less bruised, and had no food on the cars.   It was testified that cattle standing that length of time in cars, would, generally, shrink one hundred pounds a head.   The weather was warm for the season. One witness states they were damaged eight dollars a head, and were worth less because they were lank, and their hair looked rough and was rubbed off of some of them.   They were intended for the Chicago market, and were worth then from eighty-five to ninety dollars a head.

It seems, from the testimony, that, on failure of the company to carry these cattle, the owner drove them to Chicago, and three days after they reached there, they looked rough, as though they had been badly treated.   It may not, perhaps, be entirely proper to charge all this against the appellants, as the owner may have misused them, but the presumption is, as he was about to expose them in the greatest cattle market of the West, he took special pains to make them saleable and give them a good appearance.

That they were deteriorated very considerably on the cars, there can be no question.   The damages were a matter, in a great degree, of opinion.   The jury have found in accordance with such opinions as were given to them by the several witnesses.

As to certain questions put to some of the witnesses, and their answers, to which objection is made, that of Wardell was competent.   The damage was matter of opinion, and the fact the cattle were without food, was, under the circumstances, a proper element to enter into the calculation, for the reason the owner could not have provided food for them, as he could not have the remotest idea the cattle would be delayed all night,

after being delivered to a railroad company, whose zeal, promptness and fidelity are so proverbial. Their exposure without food was, therefore, properly chargeable to the company.

Railroad companies, exercising the great powers they do, and enjoying such valuable privileges as have been conferred upon them, are bound to respond, by providing the most ample accommodations for the public, and by discharging every duty imposed on them, with fidelity and dispatch. A failure in this, necessarily must subject the companies to such damages as parties contracting with them sustain thereby.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*