STEPHEN A. DOUGLASS, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, April 3, 1893.

**Carriers:** LIVE STOCK: DILIGENCE: EVIDENCE. A shipper of live stock is not held for a failure to carry the cattle through at all hazards, in the shortest possible time, yet it will be held to the duty of exercising ordinary diligence in transporting the stock without unreasonable delay, and on the facts of this case the question of reasonableness of the delay was properly submitted to the jury.

*Appeal from the Clinton Circuit Court.*—HON. JAMES M.. SANDUSKY, Judge.

AFFIRMED.

*Spencer & Mosman,* for appellant.

There was no proof of any negligence which occasioned the delay complained of. The plaintiff charged in his petition, "that said defendant negli-. gently and carelessly failed and refused to deliver said cattle on the morning" market. If the delay was occasioned by negligence, it devolved upon the plain-. tiff to introduce some proof of the fact. The maxim *"Res ipsa loquitur"* has no application to the. facts in this case. The failure to arrive in time for the morning market was due to the fact that the train had to be sidetracked to permit the passage of a passenger train. There was nothing in this tending to show negligence. 2 Rohrer on Railroads, 1271 and 1272; *Clark v. Railroad,* 64 Mo. 440; *McBeth v. Railroad,* 20 Mo. App. 445; *Meyer v. Railroad,* 90 Mo. 98; *Clark v. Barnwell,* 12 How. 280; *Railroad v. Forsythe,* 29 N. E. Rep. 1138. The duty of a common carrier as to time of delivery is only a relative duty. Each case depends on it own facts. If reasonable diligence is used to forward the stock and a delay occurs, the delay will be excused. *Railroad v. Jackson,* 6 Husk (Tenn.), 273; 2 Parsons. on Contracts [5 Ed.] p. 185; Angell on Carriers, sec. 289; *Kimmick v. Railroad,* 69 Iowa, 665; *Wiber v. Railroad,* 19 Barb. 36; s. c. 2 Kernan, 245; *Greumer v. Railroad,* 102 N. Y.; *Gulf v. Livi,* 13 S. W. Rep. 191; *Railroad v. Tudale,* 11 S. W. Rep. 900.

*F. B. Ellis,* for respondent.

The appellant insists first that the reason of the delay is because the trains upon which the plaintiff's,

cattle were being carried were sidetracked to let a passenger train by. We don't think, taking the evidence as a whole, that this is the case. But suppose it was, it cannot be said that four to six hours is a reasonable time to let passenger trains by; nor can it be said that they are not guilty of negligence by that sort of conduct. While the carrier may by special contract limit his common-law liability as insurer of goods carried, he can not limit his liability so as to exempt himself from loss or damage occasioned by his own or his servants' negligence. *Witting v. Railroad*, 101 Mo. 632; *Dawson v. Railroad* 79 Mo. 297; *Gunn v. Railroad*, 20 Mo. App. 453; *McFadden v. Railroad*, 92 Mo. 344; *Taylor v. Short*, 38 Mo. App. 21.

GILL, J.—This action is in two counts. The first is for the damages occasioned by delay in carrying six carloads of beef cattle, shipped September 18, 1889, over the defendant's road from Lathrop, Missouri, to Chicago, Illinois, whereby it was claimed the cattle shrunk in weight and the market price thereof declined on account of the delay in getting them into the Chicago market; and the second is a like complaint by reason of a shipment January 14, 1890, of five carloads of cattle from St. Joseph, Missouri, to Chicago.

At the close of the evidence defendant asked an instruction in the nature of a demurrer thereto, but it was overruled; and instead the court gave several instructions covering both sides of the case and to the effect that, when defendant received plaintiff's cattle to be transported to Chicago from Lathrop and from St. Joseph respectively, it then devolved on defendant to carry said cattle to Chicago within a reasonable time and without unreasonable delay. If defendant had so done then the jury was directed to find for the defendant, otherwise the instruction required the jury to

find for the plaintiff. And if the verdict was for the plaintiff on either count the jury was instructed to assess to the plaintiff the damages sustained by such unreasonable delay in transporting the cattle. The measure of damages was defined to be such as would cover the shrinkage in the cattle, if any, occasioned by the delay and the difference, if any, between the price at which the cattle were sold, by reason of the unreasonable delay, and the price at which they could have been sold had there been no such delay. In determining whether the cattle were conveyed to Chicago in a reasonable time the jury was told that: "No delay would be reasonable or excusable which arose from negligence on the part of the agents and servants of the defendant in the operation of its railroad; but a delay not arising from any negligence on the part of any agent or servant of defendant would not render the defendant liable." Under these instructions, a synopsis of which is here given together with some others defining negligence in such cases, etc, the jury returned a verdict for the plaintiff on the first count for the sum of $273.25, and on the second count, $207. From a judgment in accordance with said verdict, defendant appealed.

I. From the foregoing statement it will be seen that this is an action for common-law negligence, in that defendant received the cattle of the plaintiff to be transported in a reasonable time to Chicago; but that, by reason of the negligent failure so to do, the cattle were kept in transit so long, that plaintiff was damaged by their shrinkage in weight, and that besides was not thereby permitted to get them on to the market at Chicago as early as he had a right to expect, and that by reason thereof he was compelled to sell at a lower rate than he could if the cattle had arrived in the usual time.

Defendant's counsel, in their able and earnest effort to secure a reversal, have been unable to point out any substantial objection to the instructions, but seem to urge with some degree of confidence that the judgment ought not to stand because unsupported by substantial evidence. After a very careful and considerate review of the entire record, as well as the printed argument of counsel, we think this is not a case demanding our interference. As was declared by the trial judge, the action was for the negligent failure on the part of the railroad company to carry these two consignments of cattle through to Chicago within a reasonable time. That defendant failed to do this, as was charged in the first count relating to the Lathrop shipment, is not only sustained by *some* evidence, but under the testimony it can scarcely be doubted. The cattle train left Lathrop at about nine o'clock p. m., and according to the testimony of several well posted witnesses it ought in the usual course of events to have arrived at Chicago not later than the early morning of the second day thereafter, so as to put the cattle on the earliest market of that day. Indeed the evidence tends to show that the cattle ought to have been landed in Chicago on the night of the next day after their shipment, being on the road from nineteen to twenty-four hours only; *whereas*, by reason of some unaccountable delays—sidetracked without apparent reason at different points from four to six hours in a place—the cattle were kept on the road about forty-two hours. So that, instead of getting his cattle into the early market the second day, plaintiff was compelled to hold them over to the succeeding day. And this resulted, as the witnesses testified, in an unusual shrinkage in weights; and besides classed the stock among the "*stale*" cattle which do not bring as much on the market by ten to

fifteen cents per hundred as those freshly arrived at the yards in Chicago.

Now, while we concede the defendant's contention that it should not be held accountable for a failure to carry the cattle through at all hazards in the shortest time possible, it will yet be held to the duty of exercising ordinary diligence in transporting the stock without unreasonable delay. And, as the trial court instructed, if the defendant's agents and servants used such ordinay care in transporting the cattle under the circumstances, then the defendant would not be charged with the effects of the delay. But where the delay was as here apparently due to such negligence—where the cattle were sidetracked at one place, for example, for a period of six hours under the pretext of permitting another train to pass, etc., then the delay was not necessary or excusable.

What is here said applies too as to the St. Joseph shipment; though it must be admitted the plaintiff did not make so strong a case of unnecessary and inexcusable delay as in the matter of the Lathrop consignment. However, we find ample evidence upon which the finding of the jury can be based.

So then, in our opinion, the trial court fairly submitted the issues to the jury and the verdict has ample support under the evidence adduced. Nor do we find any substantial cause for complaint as to the court's ruling on the evidence offered.

The judgment will be affirmed. All concur.