GEORGE GLASSCOCK, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, December 3, 1900.

1. **Common Carriers: DELAYED SHIPMENT: JUSTICES' COURTS: STATEMENT.** A statement for delayed shipment of cattle set out in the opinion is held sufficient in a justice's court, since it apprises the defendant of the nature of the complaint and bars another action.

2. ———: ———: **INSTRUCTION.** An instruction imposing on defendant the duty to transport cattle with diligence in a reasonable time without delay and basing its liability on negligently detaining the same an unreasonable length of time, is not the subject of fair criticism.

3. ———: ———: **ABSTRACT INSTRUCTION: HARMLESS ERROR.** An instruction that when a common carrier transports live stock it undertakes a business which calls for diligence and dispatch commensurate with the trust, etc., is a mere abstraction, but under the circumstances of this case is held harmless.

4. ——: ——: MEASURE OF DAMAGES. An instruction on the measure of damages for a delayed shipment of cattle fixed the recovery at the difference in the market price on the twenty-fifth and the market price on the next day. Held, not objectionable, since, if the carrier's negligence deprived him of the market of the twenty-fifth, he ought then to be allowed to dispose of them the first market day thereafter and hold the carrier for the loss.

Appeal from the Daviess Circuit Court.—*Hon. E. J. Broaddus,* Judge.

AFFIRMED.

*W. F. Evans, McDougal & Sebree* for appellant.

(1) The contract of shipment being in writing, to warrant a recovery the plaintiff should have alleged and proved that it was defendant's duty to deliver within a "reasonable time" and that it negligently failed to perform that duty. 3 Ency. Pl. and Pr. 848-850, 860-861 and cases cited notes. Garrison v. The Babbage Co., 94 Mo. 130, 138. (2) The defendant was under no legal obligation, by contract or otherwise, to deliver the cattle "without delay" and the court erred in instructing the jury that it was. (3) The cause of the delay is not shown. It devolved upon plaintiff to allege and prove that such delay was caused by the negligence of the defendant. R. Co. v. Hollowell, 65 Ind. 189; Gulf Co. v. Levi, (Tex.) 13 S. W. Rep. 191, 193. (4) The court erred in refusing to instruct the jury that "the difference in the market value at the time the cattle should have arrived and the time they did arrive" was the correct measure of damages. Faulkner v. Railway, 51 Mo. 311, 313; Note to 35 Am. and Eng. R. R. Cases on p. 575 and cases cited.

*Wm. D. Hamilton* and *Boyd Dudley* for respondents.

(1)  No formal pleadings are required in actions before justices of the peace.  If the statement apprises defendant of the nature of the action and will bar another suit, it is sufficient.  Reeds v. Lee, 64 Mo. App. 683.  (2) The defendant was under legal obligation to deliver said cattle without delay, and there is no error in the instruction to that effect.  Leonard v. Railway, 54 Mo. App. 293; Douglas v. Railway, 53 Mo. App. 473.  (3) It did not devolve upon plaintiff to prove that the delay was caused by the negligence of defendant.  When it is shown that delay occurred, which was apparently unnecessary it is sufficient.  Ball v. Railway, 83 Mo. 574.  (4) The measure of damages in this case is the difference between what plaintiff could have sold his cattle for and what he was compelled to sell them for on the day following the day on which he expected to sell, and would have sold them, if they had arrived in time for that day's market, together with the loss by shrinkage in weight and extra cost of keeping them over caused by  the  delay. Douglas v. Railway, 53 Mo. App. 473; Leonard v. Railway, 54 Mo. App. 293; Gann v. Railway, 72 Mo. App. 34.  (5) Instructions should all be construed together, and even if one of them standing alone would be misleading, it would not authorize a reversal of the judgment.  Deweese v. Mining Co., 54 Mo. App. 476; s. c. 128 Mo. 423.

GILL, J.—This action was begun before a justice of the peace, and is for the recovery of damages for defendant's failure to carry and deliver on time three carloads of cattle shipped from Gallatin, Missouri, to Chicago, Illinois.  It seems that the cattle were loaded at Gallatin on the evening of Tuesday, November 23, 1897, and in the regular and usual course of business ought to have been delivered at the Chicago stock yards on Thursday morning, November 25 at 5 to

7 o'clock, but that because of a delay of several hours the cattle did not arrive at Chicago until about eleven o'clock a. m., and too late for the market of that day, thereby causing them to be carried over to the morning of November 26, when, because of a lower market and shrinkage, plaintiff was damaged.

At a trial in the circuit court plaintiff had a verdict and judgment for $156.95 and defendant appealed.

I.   The main objections relate to the sufficiency of the statement filed with the justice and the court's instructions to the jury.

We fail to see any substantial objection to plaintiff's statement.   After the formal allegations that defendant is a corporation and a common carrier, it is in effect alleged that defendant received plaintiff's cattle at Gallatin, and for certain freight charges undertook to carry and deliver the same at Chicago "without delay and in good condition.   That defendant, disregarding its duties as such carrier, negligently and carelessly failed to ship said cattle to Chicago without delay, but negligently and carelessly allowed said cattle to be laid out on the road and detained a long time, and by reason thereof said cattle did not reach Chicago until 11 o'clock a. m. on the twenty-fifth day of November, 1897, when they should have reached there at 6 o'clock a. m. of that day, and plaintiff was unable to get them on that day's market, and was compelled to put them on a bad market the next day at a loss of $91.75, and causing a loss by the shrinkage of said cattle in the sum of $55.20; that plaintiff was compelled to feed said cattle at a cost of $10, all to plaintiff's damage in the sum of $156.95; that said damage was caused by the negligence of defendant in failing to deliver said cattle without delay, wherefore plaintiff asks judgment for $156.95, and costs."

This was sufficient to apprise the defendant of the nature of plaintiff's complaint and to bar another action, which is all that is required of the informal pleadings before a justice of the peace. While as a petition in a court of record, the complaint was perhaps subject to some verbal criticism in not expressly alleging that the delay was for an *unreasonable time*, as suggested by defendant's counsel, we yet think the complaint ample when measured by the requirements in suits before justices of the peace.

II. As to the instructions complained of, defendant's counsel, we think, are hardly fair in some of their criticisms. Plaintiff's number one does not declare that the defendant was legally and absolutely obliged to deliver the cattle at Chicago "without delay," but only imposes the duty on defendant "to so transport said cattle with diligence and *within a reasonable time* without delay, and if the jury further believe from the evidence that defendant negligently and carelessly failed to ship said cattle without delay, and negligently and carelessly permitted said cattle to be laid out and detained on the road an *unreasonable length of time*, and that by reason thereof plaintiff was unable to get them on the market on the twenty-fifth day of November, 1897, in proper time and was thereby compelled to hold them over until next day the jury must find for the plaintiff," etc.

III. Plaintiff's third instruction—wherein it is declared "that when a common carrier undertakes to transport live stock it is held under the law to have undertaken a business which calls for diligence and dispatch commensurate with the trust," etc.—is a mere abstraction and should not have been given. But we think that it could have done no harm to the defendant. The other instructions fully and fairly covered the issues and the jury could not, we think, have been misled as to the law governing the case. Espe-

cially is this so since said third instruction was correct as an abstract proposition.

IV.  It is further objected that the court erroneously instructed the jury as to the measure of damages.  Said instruction reads:

"If the jury find for plaintiff, in estimating his damages they may take into consideration the difference in the reasonable market price of said cattle on said market on the said twenty-fifth day of November, 1897, and the reasonable market value of said cattle on said market on the next day (provided they find that said cattle did not arrive in time for the market of the twenty-fifth of November), on the day on which plaintiff was compelled to sell them, together with the shrinkage and extra cost of feeding the  same, if any, caused by having to hold said cattle over."

Defendant's counsel is right in the contention that in this character of cases it is generally correct to say that plaintiff, if he recover at all, is entitled to the "difference in the market value at the time the cattle should have arrived and the time they did arrive."  In view, however, of the facts of this particular case, the above instruction was just and right.  It is predicated on evidence which showed that November 25 was Thanksgiving day, that the cattle market at the Chicago stock yards uniformly closed at noon on said holiday, and did so on the day when plaintiff's cattle arrived. But plaintiff's cattle were not in time for the market of that day, and he was compelled to hold them over for the market of the following day.  If the plaintiff was, by the fault of the defendant, deprived of the market of November 25 by reason of an unreasonable delay in delivering the cattle, he ought then to be allowed to dispose of them the first market day thereafter and hold defendant for any loss he may have reasonably suffered.  So in a similar case the measure of

damages was defined by us to be "such as would cover the shrinkage in the cattle, if any, occasioned by the delay, and the difference, if any, between the price at which the cattle were sold by reason of the unreasonable delay, and the price at which they could have been sold had there been no such delay." Douglass v. Railway Co., 53 Mo. App. loc. cit., 476.

We conclude then that the court properly gave plaintiff's second instruction and correctly modified defendant's third instruction so as to harmonize it with that of the plaintiff.

This disposes of every substantial objection contained in the record, and since we discover no reason for disturbing the judgment it will be affirmed. All concur.