WILLIAM DALTON, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, February 2, 1915.

1. COMMON CARRIERS: Delay in Transporting Live Stock: Pleading: Misjoinder. A petition in one count, declaring upon a carrier's failure to furnish cars for a shipment of live stock, .in accordance with the requirements of a contract, and upon its negligence in failing to transport the stock within a reasonable time, after it was loaded on the cars, is bad, for the reason it jumbles an action in contract with one in tort.

Dalton v. Railroad.

2. PLEADING: Misjoinder: Action Ex Contractu and Ex Delicto. A petition in one count, sounding in contract and in tort, is bad; but if it states a cause of action on either theory and the evidence sustains it, the other cause of action pleaded may be rejected as surplusage.

3. COMMON CARRIERS: Delay in Transporting Live Stock: Proof of Negligence. Mere delay, not unreasonable, is not sufficient to support an inference of negligence in the transportation of live stock.

4. ———: ———: Breach of Contract: Pleading: Sufficiency of Petition. A petition alleging that defendant carrier entered into a contract for hire with plaintiff, whereby it undertook to furnish two cars at a certain station for the shipment of plaintiff's live stock, so as to enable him to deliver the stock at a certain market on the following day, that plaintiff tendered the stock to be loaded at that point on the day fixed, but defendant failed to furnish the cars to receive them, whereby plaintiff was prevented from shipping them that day, and before they could reach the market, the price had declined, states a good cause of action for breach of contract.

5. ———: ———: ———: Sufficiency of Evidence. In an action by a shipper for damages resulting from a carrier's breach of a contract to furnish cars to transport his live stock to market by a certain time, as a result of which the stock did not reach the market until a later time, when the market had declined, evidence *held* to warrant a recovery by plaintiff.

6. ———: ———: Instructions: Submitting Liability Ex Contractu and Ex Delicto. In an action against a carrier for damages resulting from delay in the transportation of live stock, it was error to instruct that plaintiff was entitled to recover if the jury found that defendant failed to furnish cars for the shipment, in accordance with the requirements of a contract, or if they found that defendant was negligent in failing to transport the stock within a reasonable time after it was loaded, since both theories of liability cannot be availed of in the same case.

7. INSTRUCTIONS: Not Supported by Evidence. It is error to submit to the jury a ground of recovery which is not supported by any substantial evidence.

Appeal from St. Francois Circuit Court.—*Hon. Peter H. Huck,* Judge.

REVERSED AND REMANDED.

*Anthony & Davis* for appellant.

(1) The cause of action stated in plaintiff's petition is in tort for negligent delay. In order to recover damages, if any, sustained in consequence of delay in transportation of plaintiff's stock, the burden was on the plaintiff to show not only unusual delay, but that such delay was caused by negligence of defendant. Hickey v. Railroad, 174 Mo. App. 408; Gregory v. Railroad, 174 Mo. App. 550; Ecton v. Railroad, 125 Mo. App. 223; Stanard Milling Co. v. Transit Co., 122 Mo. 275; McCrary v. Railroad, 109 Mo. App. 567; Wright v. Railroad, 118 Mo. App. 392; Wernick v. Railroad, 131 Mo. App. 52; Clark v. Railroad, 138 Mo. App. 424; Dawson v. Railroad, 79 Mo. 301; Otrich v. Railroad, 154 Mo. App. 435; Hurst v. Railroad, 117 Mo. App. 37; McElvain v. Railroad, 176 Mo. App. 379. (2) The plaintiff and defendant having agreed by the express terms of the contract of shipment that the cattle were not to be transported within any specified time, nor delivered at destination at any particular hour, nor in season for any particular market, and which said shipment was at a reduced rate as herein provided, and the plaintiff having failed to prove that the delay in the shipment was due to any negilgence on the part of the defendant, the foregoing stipulations are binding and plaintiff cannot recover against the defendant. McElvain v. Railroad, 151 Mo. App. 126; George v. Railroad, 214 Mo. 551; Sims v. Railroad, 177 Mo. App. 18; Hamilton v. Railroad, 177 Mo. App. 145. (3) If plaintiff has any action against defendant on account of delay in procuring cars for the shipment of his cattle from De Lassus, it would be upon the contract entered into, if at all, prior to the delivery of the cattle to the defendant and this action in tort could not be maintained. Wernick v. Railroad, 131 Mo. App. 37. (4) This being an interstate shipment, it is controlled by the enactments of Congress and the con-

structions placed thereon by the Federal courts; therefore, the contract of shipment between plaintiff and defendant must be construed with reference to such laws and decisions. Hamilton v. Railroad, 177 Mo. App. 145; McElvain v. Railroad, 176 Mo. App. 379.

No brief filed for respondent.

NORTONI, J.—This is a suit for damages alleged to have accrued to plaintiff on account of delay in the shipment of stock. Plaintiff recovered and defendant prosecutes the appeal.

The petition seems to jumble the matter of contract and tort, though it clearly states a cause of action sounding in contract. It is averred that plaintiff, desiring to ship two carloads of cattle from De Lassus, Missouri, to the National Stock Yards at East St. Louis, Illinois, entered into a contract for hire with defendant on the nineteenth day of August, 1911, for two cars to be furnished at De Lassus to convey the cattle on the morning of August 22, with a view of transporting them over defendant's railroad to the market for sale on August 23. Plaintiff, relying upon the contract thus entered into, delivered his cattle at De Lassus to be loaded in the cars on August 22, but defendant breached its undertaking, in that it failed and refused to furnish the cars as agreed. Because of this, plaintiff was delayed in transporting the cattle and detained them at a pasture near De Lassus until August 23, when the cars were furnished and the shipment made, but too late for delivery on the market of that day as intended. It is said the shipment reached East St. Louis about ten o'clock a. m. on August 24, and in the meantime the market had declined considerably, so as to entail a loss upon plaintiff. Continuing, the petition avers that the cattle were loaded on defendant's cars on August 23 about eleven o'clock a. m. at De Lassus, and should, in the usual course, have reached the National Stock Yards at East St.

Louis in about twelve hours, but, because of the negligence of defendant in handling its train, were delayed in transit so as to prevent them from being delivered for the early morning market of August 24 and occasioned a considerable shrinkage and loss of weight, to plaintiff's damage, etc.

Though there are separate paragraphs, the petition contains but one count, and it proceeds as for a recovery both because of the breach of the contract in defendant's failure to furnish the cars on August 22, as agreed, and the delay consequent thereto, and for damages entailed through loss suffered on account of the alleged negligence in the transportation of the cattle after they were loaded and shipped. Such a pleading is to be condemned, for one may not jumble thus a cause of action in contract with one in tort. [See Wernick v. St. Louis & S. F. R. Co., 131 Mo. App. 37, 109 S. W. 1027.] However this may be, if it appear the petition states a cause of action either in contract or in tort, and the evidence tends to support it, the other averments may be rejected as surplusage, and the case should proceed accordingly. Because the paragraph of the petition pertaining to the delay while the cattle were en route to East St. Louis employs apt words in laying a tort, as in charging such delay was occasioned through defendant's negligence, it is argued the entire petition should be treated as stating an action in tort and the judgment reversed, for there is no evidence tending to prove the negligence charged; but we are not so persuaded.

It appears in the evidence that the shipment of cattle started from De Lassus about noon on August 23 and reached the National Stock Yards at East St. Louis about ten a. m. on the following morning, August 24. The only delay mentioned en route was the lay over of three hours at De Soto (a division point), and it does not appear why this occurred. The case is devoid of evidence tending to prove a negligent delay

after the shipment was loaded at De Lassus, and it is true a recovery on that ground should not be sustained, because mere delay alone, not unreasonable in such cases, is not sufficient to afford an inference of negligence. [See Elcton v. Chicago, B. & Q. R. Co., 125 Mo. App. 223, 102 S. W. 575, Hickey v. Chicago, B. & Q. R. Co., 174 Mo. App. 408, 160 S. W. 24.]

But after putting aside all of the averments touching the matter of negilgent delay in the operation of the train during the transit, there appears to be stated in the petition a cause of action sounding in contract, which finds ample support in the evidence.    It is averred in the petition, as above stated, that plaintiff entered into a contract for hire with defendant on the 19th day of August, whereby defendant undertook and agreed to furnish two cars at De Lassus for the reception and shipment of his fifty-nine head of cattle on the morning of August 22, so as to enable him to deliver them at the National Stock Yards, East St. Louis on the morning of August 23.    It is averred, too, that plaintiff, relying upon the contract so entered into, tendered his cattle to be loaded in the cars for shipment on the morning of August 22, and defendant failed and refused to furnish the cars to receive them. Because of this, plaintiff was prevented from shipping that day, and in the meantime the market for such cattle materially declined, so as to entail a considerable loss upon him, for which damages are prayed.    So much of the petition above adverted to lays both an agreement on the part of defendant and a consideration therefor and avers a breach of the contract.    It is clear the case thus stated and the recovery prayed is one sounding in contract and for its breach.    [See Wernick v. St. Louis & S. F. R. Co., 131 Mo. App. 37, 109 S. W. 1027; Meade v. Missouri Pac. R. Co., 183 Mo. App. 353, 166 S. W. 1116.]

The evidence for plaintiff amply supports these averments of the petition, in that it tends to prove the

contract alleged and its breach; likewise, that plaintiff delivered his cattle at De Lassus for shipment, but was unable to ship because of defendant's failure to furnish the cars, and thereupon the cattle were detained for a day in a nearby pasture and the contemplated shipment made at noon on the following day, but, in the meantime, the market had so declined as to entail a loss on plaintiff. In such circumstances, a cause of action appears for the breach of the contract—separate and distinct, however, from the averments pertaining to other loss and damage entailed through the alleged negligent operation of the train. For this plaintiff is entitled to recover. [See Meriwether v. Quincy, O. & K. C. R. Co., 128 Mo. App. 647, 107 S. W. 434.]

But in submitting the case to the jury, the court paid no heed to the distinction between contract and tort, in that, by the first instruction, it authorized a recovery for the breach of the contract set forth and relied upon in the petition, and the second instruction submitted the alleged negligence of defendant in the operation of the train, which, it is said, occasioned further delay in transit and authorized a recovery on that ground as well. Obviously the two theories of recovery may not be invoked in the same case. [Wernick v. Railroad, supra.] Moreover, there appears to be no substantial evidence tending to support the averment of negligent delay as above pointed out, and it was error to submit that issue to the jury even though the case proceeded alone on that ground.

The judgment should be reversed and the cause remanded to be proceeded with as a a suit *ex contractu*. Plaintiff may amend his petition, however, if so advised. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.