MARY B. MEADE, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, May 5, 1914.

1. CONTRACTS: Estoppel to Deny Validity. One who sues upon a contract affirms its validity in every part.

2. CARRIERS OF PASSENGERS: Action on Contract: Estoppel to Deny Validity of Contract. In an action for the loss of

Meade v. Railroad.

baggage checked on a railroad, plaintiff, by declaring upon the contract of carriage, affirmed its validity and was bound by a limitation of liability contained in it.

3. ———: Action for Loss of Baggage: Action Ex Contractu or Ex Delicto Optional. A passenger may pursue a carrier for the loss of baggage checked, either in an action *ex contractu* or one *ex delicto*, at his option; but he is bound by, and must recover upon, the theory he elects to pursue.

4. ———: ———: ———. While, in an action against a carrier for breach of duty, the form of action *ex delicto* is usually preferred, and the courts are prone to regard a petition as proceeding upon that theory, if such course is permissible, yet where the petition sets out essential elements of the contract entered into between plaintiff and the carrier—that is, an agreement between the parties on a consideration stated—and then charges a breach of such agreement, the action is treated as one for a breach of the contractual obligation, and not one for a breach of the obligation annexed by law.

5. ———: ———: Facts Stated. Plaintiff purchased a ticket from defendant railroad company, entitling her and her baggage to be transported from one place to another, which contained a provision that baggage liability was limited to $100. The baggage was lost in transit, and plaintiff, refusing to accept $100, tendered by defendant as full satisfaction, brought suit for the value of the articles lost, averring in her petition that defendant agreed, for and in consideration of $25 paid by her to defendant, to well and truly carry her baggage from one place to another, and at the last-mentioned place to deliver it to her in as good condition as when received, and that defendant, in violation of its agreement, and in total disregard of its duty as a common carrier, failed and neglected to deliver said baggage to plaintiff, to her damage, etc. Plaintiff introduced evidence at the trial which tended to prove that, although she signed the contract contained in the ticket, she was in no wise advised of its contents, and that defendant's agent assured her that the ticket contained no limitation on defendant's liability. *Held*, that, in view of the fact that the petition set out an agreement between the parties on a consideration stated and then averred a breach of such agreement, the action must be regarded as one on the contract, and hence plaintiff was bound by the limitation of liability contained in her ticket.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. W. Jamison* for appellant.

(1) The schedules and fares and charges and baggage regulations filed by the carrier with the Interstate Commerce Commission fixing the limit of liability for loss of baggage, bind the carrier and passenger in interstate transporation. Ford v. Railroad (Supreme Court of Minn. Oct. 3, 1913), American Silver Mfg. Co. v. Railroad, 156 S. W. 830; Joseph v. Railroad, 157 S. W. 837; McElvaine v. Railroad, 158 S. W. 464; Clegg v. Railroad, 203 Fed. 971; Railroad v. Miller, 162 S. W. 73. An interstate carrier issuing a baggage check which limits the value thereof unless a greater value is given, and an excess baggage rate provided for, paid, as declared by its ruling, approved and promulgated by the Interstate Commerce Commission, thereby limits its libility, and the mere fact that the passenger's trunk was actually received and delivered to him does not make the contract for transportation and delivery any the less an interstate transaction. Railroad v. Hailey, Court of Civil Appeals of Texas, 156 S. W., p. 1119. (2) Plaintiff sued on a contract; she proved a contract in writing signed both by herself and by the defendant company, through one of its agents, wherein and whereby it was expressly agreed that defendant's liability for damages, in the event of the loss of her baggage, should be and was limited to $100. She further stated that she purchased this homeseekers' excursion ticket, on which she checked her baggage, at a reduced rate. Plaintiff is bound by the terms of her contract whether she knew of them or not. Boylan v. Railroad, 132 U. S. 146. Even if the contract was for an intrastate journey, and therefore not affected by the Interstate Commerce Act and the amendments thereto, the contract is *prima-facie* valid and supported by sufficient consideration. It was not necessary that there be an indenendent consideration apart from that expressed in the contract

itself to support a reasonable stipulation of exemp tion from liability. Cau v. Railroad, 194 U. S. 427; Mires v. Railroad, 134 Mo. App. 379. The printed condition on the ticket that defendant thereby limited its liability for loss of baggage to $100, the contract being in writing and signed by both parties, was valid and binding. Aiken v. Railroad, 80 Mo. App. 8.

*R. M. Nichols* for respondent.

(1) This limitation must be fairly and understandingly made, and when the evidence shows, as in this case, that the plaintiff's attention was not called to the limitation when she signed the ticket; that she was told that it was not necessary to read the ticket before signing it; that it was ''all right''; that her baggage would receive the same protection as if she were traveling on a mileage ticket; that it was signed when the office was being closed, and hurriedly, and that the limitation was not known by the plaintiff to exist until after the loss; the question, as to the agreement to the limitation, became one for the jury. Drey & Kahn G. Co. v. Railroad, 156 Mo. App. 179; Robert v. Railroad, 148 Mo. App. 110; Railroad v. Dunkins & D. Hdw. Co. (Ga), 43 L. R. A. (n. s.), 811; Hutchins v. Railroad, 181 N. Y. 186, 73 N. E. 972; The Majestic, 166 U. S. 375; The Kingston, 183 U. S. 276; Ranchau v. Railroad, 71 Vt. 142, 43 Atl. 11; Railroad v. Campbell, 36 Oh. St. 647; Railroad v. Rudebough, 38 Kan. 45, 12 N. E. 798; Muritz v. Railroad, 23 Fed. R. 765; Brown v. Railroad, 7 Cush. 67; Smith v. North German L. S. S. Co., 80 C. C. A. 574. (2) The stipulation in the ticket was shown to be not an agreed value, but a mere limitation of value, and under the evidence would be an unreasonable limitation, and under the ruling of the Interstate Commerce Commission would be void, because it does not purport to be an agreed value, but was fixed arbitrarily by the carrier without refer-

ence to value, and because the value is fictitious and represents an attempt to limit the carrier's liability to an arbitrary amount. In the Matter of "Release of Rates", 13 Interstate Commerce C., 550; Wells v. Railroad 34 L. R. A. (n. s.) 818, 114 Pac. 92, 116 Pac. 1070; Hooker v. Railroad, 209 Mass. 598; Homer v. Oregon Short Line, 128 Pac. Rep. 523; Railroad v. Dunkins & D. Hwd. Co. (Ga.), 43 L. R. A. (n. s.) 811; Hutchins v. Railroad, 181 N. Y. 186, 73 N. E. 972; Railroad v. Nicholai, 4 Ind. App. 119, 30 N. E. 424. (3) The Interstate Commerce Commission has the exclusive right to fix the rates for transportation, and in order to determine whether or not the so-called "reduced rate" of $25 was a lower rate there must be a showing of a lower and a higher rate fixed by the Commission. Without such showing the lower rate could not be said to be a "reduced rate" and thereby furnish a consideration for the release of the common-law liability. Roberts v. Railroad, 148 Mo. App. 114; McKinstry v. Railroad, 153 Mo. App. 552; George v. Railroad, 214 Mo. 551; Railroad v. Mottley, 219 U. S. 467, 55 L. Ed. 297; See note to and case of Railroad v. Bell, 38 L. R. A. (n. s.) 351; Hooker v. Railroad, 23 Am. & Eng. Anno. Cas. 669; Railroad v. Pruddy (Ind.), 101 N. E. 727; Adams Ex Co. v. Croninger, 226 U. S. 491, 44 L. R. A. (n. s.), 257; Wells v. Railroad, 114 Pac. 92, 116 Pac. 1070; Homer v. Railroad, 128 Pac. 523; Hutchins v. Railroad, 181 N. Y. 186, 73 N. E. 972. (4) The allegation that "in total disregard of its duty as a common carrier, failed and neglected to deliver said property" is an allegation of negligence. The statement of the contract price is mere inducement. The action is upon the obligation raised by the law. Lovering et al. v. Union Trans. & Ins. Co., 42 Mo. 93; Ketchum v. Am. Mer. Union Ex. Co., 52 Mo. 395; Clark v. Railroad, 64 Mo. 441; Kirby v. Adams Ex. Co., 2 Mo. App. 377; Sutton v. Railroad, 159 Mo. App. 685; The Precilla, 106 Fed. 739; Saleeby v. Railroad,

90 N. Y. S. 1042. Aff. 184 N. Y. 397; Railroad v. Wade, 1 Tenn. Civ. App. 780.

NORTONI, J.—This is a suit for damages alleged to have accrued to plaintiff through the breach of a contract of carriage. Plaintiff recovered and defendant prosecutes the appeal.

The controversy in the case relates to a limitation on the amount to be recovered under the contract in suit, and this is to be determined on a consideration of the form of the action employed. Defendant is a common carrier of passengers and baggage. On February 15, 1910, plaintiff purchased a ticket from defendant in.St. Louis, entitling her to passage for herself and baggage from St. Louis, Missouri, to Brownsville, Texas, and return, over defendant's railroad. It appears the ticket was a ''homeseekers' excursion ticket'', but it entitled plaintiff to first-class passage. On this ticket she checked her baggage, among which was a suit case, which contained numerous articles of wearing apparel. The suit case and contents were evidently lost in transit, for it was never delivered to plaintiff; but there is no evidence tending to prove negligence on the part of defendant with respect of the matter. How or where the suit case was lost does not appear, and plaintiff made no effort to show that it occurred through the negligence of defendant.

Although the transaction is interstate in character, the tariffs and rates, if any, on file with the Interstate Commerce Commission, are not in evidence, and no question is made on that subject-matter.

The ticket is not of the small card variety, but rather is an extended one, in the form of a contract between the parties, and this contract is printed in plain type. Certain agreements and conditions are set forth therein, and it appears plaintiff subscribed to the same by signing her name thereto as the original purchaser. Among other things, it is agreed between the

parties, and the contract printed on the ticket so recites, as follows:

"4th. Baggage liability is limited to wearing apparel not to exceed one hundred dollars in value for a whole ticket and fifty dollars for a half ticket."

Defendant offered to pay plaintiff the sum of $100 on account of the loss of her suit case containing the wearing apparel mentioned, but she declined to accept it, and instituted this suit instead for $1050.50. By its verdict the jury awarded plaintiff a recovery of $379.75. The evidence tends to prove that such was the amount of the actual loss sustained. At the trial plaintiff introduced considerable evidence tending to prove that, though she signed the contract contained in the ticket at the time it was purchased, she was in nowise advised of its contents. Moreover, it is said the ticket agent assured her the ticket contained no limitations on defendant's liability, and that it entitled her to first-class passage in every respect. On this evidence plaintiff was permitted to recover the full measure of her loss, as though the limitation prescribed on defendant's liability in the fourth paragraph of the contract printed on the ticket over plaintiff's signature was without avail. Obviously this was error, in view of the fact that the suit proceeds as for a breach of the contract of carriage. Such being true, of course, plaintiff is bound by all of the terms of the contract for the breach of which she sues. By declaring upon the contract, plaintiff affirms its validity in every part. [American Silver Mfg. Co. v. Wabash R. Co., 174 Mo. App. 184, 199, 156 S. W. 830; Chlanda v. St. Louis Transit Co., 213 Mo. 244, 260, 112 S. W. 249; Sage v. Finney, 156 Mo. App. 30, 135 S. W. 996.] She may not sue upon it to recover compensation for her loss, and at the same time repudiate the stipulation contained therein, by which she and defendant agreed upon the extent of such compensation in the contingency of a loss. In a suit on the contract, the

terms of the contract must control, and this is true though the recovery is sought on a contract contained in a railroad ticket, duly signed by the purchaser, who sues upon it to compensate the loss of baggage. [See Boylan v. Hot Springs R. Co., 132 U. S. 146.]

But though such be true, it is argued on the part of plaintiff that the suit here proceeds *ex delicto* as for a breach of the obligation annexed by law to the calling of the carrier, and not upon the contract at all. In this view, it is urged that it is competent to look to the evidence tending to show the contract was unadvisedly entered into by plaintiff. To determine the form of the action, it is necessary to set forth and consider so much of the petition as is relevant to that matter. The averments are as follows:

"Plaintiff avers that defendant agreed, for and in consideration of the sum of twenty-five dollars, then and there paid by plaintiff to the defendant, to well and truly carry the above enumerated articles, which were contained in a receptacle commonly known as a suit case, and also to carry plaintiff therewith, from St. Louis, Missouri, to Brownsville in the State of Texas, and at the last mentioned place to deliver the personal property, goods and chattels above described to plaintiff in as good condition as when received by defendant.

"Plaintiff avers that defendant, in violation of its said agreement, and in total disregard of its duty as a common carrier, as aforesaid, failed and neglected to deliver said property at its destination to plaintiff and that all of the same has been wholly lost to plaintiff."

It appears from this that plaintiff sets forth a contract entered into on the part of defendant with her in consideration of the sum of $25. It avers that, for this consideration, defendant *agreed* to transport plaintiff and her suit case to Brownsville, Texas, and deliver the property above described to plaintiff in as

good condition as when received; moreover, that defendant, "in violation of this agreement and in total disregard of its duty as a common carrier, failed and neglected to deliver said property at its destination." Obviously this reveals a purpose to declare upon the contract, rather than upon the common-law liability of the carrier, for though the latter is referred to in the words "and in total disregard of its duty as a common carrier," the promise and the consideration therefor are clearly set forth as well as a violation of the agreement alleged. No one can doubt that one may pursue a common carrier for a loss, such as that involved here, either in an action *ex contractu* or in one *ex delicto,* at the option of the pleader. However, though the pleader may elect for either contract or tort, he is bound by and must recover upon the theory of his pleading. [See Wernick v. St. Louis, etc., R. Co., 131 Mo. App. 37, 109 S. W. 1027; See 3 Ency. Pl. & Pr. 818, 819, 820; 3 Hutchinson, Carriers (3 Ed.), (M. & D.), Sec. 1324.] The form of action *ex delicto* is usually preferred, and the courts are prone to so regard a petition if such course is at all permissible. In this view the courts frequently treat a petition against a common carrier, which sets forth by way of inducement that "it agreed" or "undertook," etc., followed by averments suggesting a tort, as one proceeding *ex delicto.* [See 3 Ency. Pl. & Pr. 819, 820, 821, 822; Canaday v. U. Rys. Co. of St. Louis, 134 Mo. App. 282, 114 S. W. 88.] Our own courts construe petitions in cases of this character as declaring *ex delicto* for a breach of the duty annexed by law to the calling of the carrier, when the essential elements of a contract—that is, both the agreement and consideration—are not set forth therein and declared upon. [See Clark v. St. Louis, etc., R. Co., 64 Mo. 440; Heil v. St. Louis, etc., R. Co., 16 Mo. App. 363.] But when the plaintiff's petition, as in the instant case, sets forth the essential elements of a contract—that is, an agree-

ment of the parties on a consideration stated—and then avers the breach of such agreement, the proceeding is accepted and treated as a suit on contract for a breach of the contractual obligation, rather than for a breach of the obligation annexed by law. [See Wernick v. St. Louis & S. F. R. Co., 131 Mo. App. 37, 42, 43, 109 S. W. 1027.]

Indeed, such seems to be the settled rule of decision on the subject. 3 Ency. Pl. & Pr. 822 thus states the law: "A mere averment of a promise, or the use of the words 'undertook' or 'agreed,' does not constitute a declaration on contract. It is necessary to allege not only a promise or undertaking, but also a consideration therefor."

Mr. Hutchinson, in his splendid work on Carriers (3 Ed.), Sec. 1328, states the law on this question to the same effect precisely as follows:

"Notwithstanding these essential differences between actions on the case and in *assumpsit* against the carrier, it seems to have been in former times a very perplexing question how the one form of action should be distinguished from the other. The declarations in the two kinds of actions, according to approved formulas, were so nearly alike, that in many cases the astutest judges became perplexed in their efforts to find out to which class the declaration belonged. It seems, however, to be finally settled, that while the allegation of a promise in the declaration will not be sufficient to impress upon it the distinctive feature of a declaration upon the contract, because the words 'agreed,' 'undertook,' or even the more significant word 'promised,' must be treated as no more than inducement to the duty imposed by the common law, yet if there be an averment of a promise and a consideration, the declaration will be construed to be upon the contract, and not for the breach of duty. And consequently, when the word 'consideration' was left out, the action was held to be in tort."

It therefore appears that, manifestly, the pleadeı elected to pursue the defendant here as for a breach of its contract, for, in the petition, plaintiff sets forth the essential elements of the contract, that is to say, both the promise and the consideration therefor—that is, $25—and that defendant violated its said agreement in failing to deliver the suit case to plaintiff at the point of destination. This being true, the mere fact that the petition recites conjunctively therein "and in total disregard of its duty as a common carrier" is unimportant in determining the form of the action, for the words so carefully chosen to portray a contract and set forth its breach prevail over the mere phrase so conjoined.

The suit, proceeding on the contract, as it does, it appears the limitation of $100 valuation for loss of baggage must be treated as valid, whatever the facts of the case may be, and a recovery beyond that may not be allowed.

The judgment should be reversed and the cause remanded with directions to enter judgment for the plaintiff for such amount. It is so ordered. *Reynolds, P. J.*, and *Allen, J.*, concur.