E. J. PEAK, Respondent, v. INTERNATIONAL HAR-VESTER COMPANY OF AMERICA, Appellant.

**Springfield Court of Appeals, June 26, 1916.**

1. **PLEADINGS: Plea for Jurisdiction: Plea to Merits: No Waiver, When.** Action for breach of contract. Defendant, a foreign corporation, joined in its answer a plea to the jurisdiction and to the merits. The court tried the two pleas together without objection. Defendant did not waive the point that the court was without jurisdiction.

2. **CONTRACTS: Place of Making.** Where a contract is made between two parties not residing in the same jurisdiction, the *situs* of the making of the contract is the place where the final assent is given by one party to the terms proposed by the other party.

3. ———: **Breach of: Cause of Action: Where.** Action for breach of contract. The cause of action accrued where the contract was breached rather than where it was made.

4. ———: **Place of Performance: Law Applicable.** Where a contract is made at one place to be performed at another, such contract is regulated by the law of the place of performance without reference to the place where it was made.

5. ———: **Breach of: Action for: Venue.** Plaintiff, a farmer living in Carter County, Mo., contracted with defendant company to deliver to him in said county in time for harvesting a harvester. Defendant, a foreign corporation, duly authorized to do business in Missouri, had its office for transaction of its business in Saint Louis and service of summons issued by the Carter County Circuit Court was duly had on defendant at St. Louis. Plaintiff's cause of

action against defendant accrued in Carter County and the venue of his action against the company lay there.

6. ――――: Modification After Breach: Damages Not Waived, Unless. The modification of a contract after its breach does not waive damages for the past breach unless the terms of the modification expressly or by implication show such waiver or raise an estoppel.

7. ――――: ――――: ――――: ――――. Action for breach of contract. Plaintiff purchased of defendant a binder to be delivered in time for use in harvesting. The binder was not delivered on time. Acceptance by the buyer or his expressing a willingness to accept after the stipulated time for delivery had elapsed and after his damages had accrued did not preclude the buyer from recovering damages, absent an express or implied waiver or some fact amounting to estoppel.

Appeal from Carter County Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*Garry H. Yount* for appellant.

*J. W. Chilton* for respondent.

STURGIS, J.—The plaintiff recovered damages for breach of a contract in that defendant failed and refused to furnish and deliver to him at Elsinore, Missouri, one of its New Ideal binders whereby his crop of wheat was left standing until overripe and he was compelled to harvest the same with "cradles." In this way his wheat was damaged and much of it lost in harvesting and he was put to much expense in hiring hands to cradle it. The contract for the purchase of the binder is dated May 16, 1914, and was made through defendant's selling agent at Elsinore and specified that the binder was "to be shipped in time for the coming harvest" and was also "to be consigned to the care of Condray & Leach, agent, Elsinore." No question is made but that the binder was not delivered in time for the harvest, nor indeed at any time, nor as to the fact or amount of plaintiff's damages in having to

194 M. A.—9

harvest his wheat in an expensive and wasteful way and after the proper time by reason of not receiving the binder. He contracted for the binder for this purpose, relied on receiving it, as he was assured he would from day to day, till his wheat was overripe and then, being unable to get another binder for the purpose, was compelled to hire men to cut it as best he could with the old fashioned cradle.

The defendant makes and stresses but two points as grounds for a reversal of this case by this court and it will be sufficient to discuss and dispose of such points. The first point raised is that the circuit court of Carter county, where the case was brought and tried, was without jurisdiction. The defendant is a foreign corporation duly authorized, by having complied with the laws of this State, to do business here and having its office for the transaction of its usual and ordinary business at St. Louis. Service of the summons issued by the Carter County Circuit Court was duly had on defendant at St. Louis. The plaintiff upholds the jurisdiction of the court solely on the ground that our statute, section 1754, Revised Statutes 1909, permits suits against corporations to be commenced in the county where the cause of action accrued, and maintains that plaintiff's cause of action accrued in Carter County. The defendant's contention is that, although the plaintiff made the contract with and through the selling agent of defendant at and in Carter County, yet, since the contract was not final till accepted by defendant and such acceptance took place in St. Louis, the accrual of the cause of action was in St. Louis.

We agree that defendant has not waived this point by answering and participating in the trial since it had a right, as it did, to join in its answer a plea to the jurisdiction and to the merits. [Barnett, Hayes & Barnett v. Building Co., 137 Mo. App. 636, 648, 119 S. W. 471; Lumber Co. v. Lumber Co., 152 Mo. App. 386, 392, 133 S. W. 384.] Here, as in the case first cited, the court tried the two pleas, the one to the jurisdiction and the other to the merits, together, without objection,

and hence there was not a waiver of the plea to the jurisdiction.

We also agree that the law is that where a contract is made between two parties not residing in the same jurisdiction, the situs of the making of the contract is the place where the final assent is given by one party to the terms proposed by the other. [2 Elliott on Contracts, sec. 1115; Barnett, Hayes & Barnett v. Building Co., 137 Mo. App. 636, 647.] If the decision of this case depended on a solution of the question as to the venue of the making of this contract, defendant's contention would have much force. The cause of action sued on, however, is based on and has to do with the breach of the contract rather than its making. The cause of action accrued, therefore, at the place of its breach. It is the performance of the contract which was breached and, obviously, the place of the performance, rather than the place of the making, determines the place of the breach. The present contract provides for a delivery of the binder to plaintiff at Elsinore, in Carter County, and it is defendant's failure to deliver same at that place that constitutes the accrual of plaintiff's cause of action. This question received thorough consideration in the case of Barnett, Hayes & Barnett v. Building Co., supra, which involved the making and delivering of plans and specifications for a building, and in determining where the cause of action accrued where one party lived in Springfield and the other in St. Louis the court said: "Full discharge of their duty by plaintiff would consist in turning over to defendant for its use such plans and specifications as had been agreed upon and undoubtedly the parties understood these were to be delivered at Springfield and a large installment of the price was paid there" and held that the cause of action accrued at such place. The court pointed out that it made no difference where the work of making the plans and specifications was performed. The court further showed that the English courts had settled the proposition that the cause of action for breach of contract accrued where the breach occurred, though the contract had been made elsewhere. The

court further said with reference to the American cases that "In such as were actions on contracts the courts, in striving to ascertain the proper venue, laid stress on the place of the breach." That the venue of a breach of a contract is the place of its performance, is, we think, a necessary deduction from the general rule that matters connected with the performance of a contract are regulated by the law applicable at the place of performance. [2 Elliott on Contracts, sec. 1112; 9 Cyc. 691.] The general rule is that where a contract is made at one place to be performed at another, then such contract is regulated by the law of the place of the performance without reference to the place where it was made. [2 Elliott on Contracts, secs. 1119-1121; Brown v. Gates (Wis.), 1 Am. & Eng. Ann. Cas. 85, and note and citing cases from many States; International Harvester Co. v. McAdam (Wis.), 124 N. W. 1042, 20 Am. & Eng. Ann. Cas. 614; Midland Valley Railroad Co. v. Moran Bolt & Nut Co. (Ark.), 97 S. W. 679, 10 Am. & Eng. Ann. Cas. 372; Coombs v. Knowlson (Mo. App.), 182 S. W. 1040, 1041 and cases cited.] The breach of the contract for which this suit is brought consists of mere nonperformance, and, since performance was to have been had in Carter County, the nonperformance or breach, by reason, of which the present cause of action accrued to plaintiff, must be held to have been in Carter County. The plaintiff therefore brought suit in a proper jurisdiction.

The other point made by defendant for reversal is that the plaintiff admits that he agreed to accept the binder after his wheat was harvested and his damages accrued, and that this bars a recovery. What plaintiff really admitted was that he still wanted a binder even after the harvest and agreed to take this one at that time if defendant would further extend the time for payment. Nothing was said about his waiving damages for the past failure to deliver and no binder was ever delivered. Granting that this amounted to a new or modified contract, plaintiff is not suing to enforce it or for its violation, and such cases as Lanitz v. King, 93 Mo. 513, 6 S. W. 263 and Henning v. In-

surance Co., 47 Mo. 425 have no application. The modification of a contract after its breach does not waive damages for the past breach unless the terms of the modification expressly or by implication show such waiver. Even an acceptance of the binder after the stipulated time and after plaintiff's damages had accrued would not, in the absence of an express or implied waiver or some fact raising an estoppel, preclude plaintiff from maintaining this suit. [Redlands Orange Growers' Ass'n. v. Gorman, 161 Mo. 203, 61 S. W. 820; Wall v. Ice & Cold Storage Co., 112 Mo. App. 659, 664, 87 S. W. 574; Murrman v. Wissler, 116 Mo. App. 397, 92 S. W. 355.] If the acceptance of the binder under such facts would not preclude plaintiff from maintaining this suit, certainly his expressing a willingness to do so would not have that effect.

The case will therefore be affirmed. *Robertson, P. J.,* and *Farrington, J.,* concur.