THE E. O. PAINTER FERTILIZER COMPANY, APPELLANT, v. THE KIL-TONE COMPANY, RESPONDENT.

Submitted May 26, 1928—Decided October 15, 1928.

110

─────

For the appellant, *Wall, Haight, Carey & Hartpence.*

For the respondent, *Herbert C. Bartlett.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff corporation, in the latter part of the year 1913, purchased from the defendant company a product manufactured by the latter, which, it represented, would act as a destroyer of insects and as a stimulant to the growth and productiveness of tomato plants. The plaintiff shortly afterwards resold the Kil-Tone product to one Peters, who was engaged in raising tomatoes in Florida, upon the same representation made to it by the defendant as to the effect of this product as a stimulant to tomato plants. Peters used it, with the result that it destroyed his tomato crop in 1914, and he thereupon sued the plaintiff for the damages resulting to him from the purchase and use of this product, and recovered a judgment against it. The suit was instituted in February, 1916, and the judgment was entered on the 23d of May, 1922. In June, 1925, the present suit was instituted by the plaintiff to recover the damages resulting to it from the false representation which had induced the purchase by it of the defendant's product—that is, the amount of the judgment recovered against it by Peters. The defendant, among other defenses, pleaded the provision of the statute of limitations, which requires the institution of a suit for breach of contract to be brought within six years after the cause of action has accrued. The trial court considered that the defense of the statute was a valid one, and judgment was, for this reason, entered in favor of the defendant. From the judgment so entered the present appeal is taken.

The only question presented by the present appeal is whether the plaintiff's cause of action against the defendant accrued when the judgment was recovered against it by Peters, or whether it accrued upon the purchase by and delivery to the plaintiff of the defendant's product. That the assertion of the defendant that the use of its product would result in stimulating the growth and productiveness of tomato plants induced its purchase by the plaintiff is conceded. That such assertion constituted an implied warranty, we think, is clear. As was indicated by Chief Justice Beasley, delivering the opinion of this court in *Wolcott* v. *Mount*, 38 *N. J. L.* 496, 499, when the vendor assumes to assert a fact of which the buyer is ignorant, and the latter is induced to purchase as the result thereof, such assertion constitutes an implied warranty of the truth of the matter stated therein. To the same effect is our later decision in *Spencer Heater Co.* v. *Abbott*, 91 *Id.* 594, 596. The breach of warranty occurred upon the delivery of its product by the defendant to the plaintiff, and the latter's right of action arose immediately upon such breach, and did not at all depend upon whether it (the plaintiff) had suffered consequential damages by reason thereof. *Gogolin* v. *Williams*, 91 *Id.* 266. A period of much more than six years having elapsed between the accrual of the plaintiff's cause of action and the institution of the present suit, the action of the trial court in rendering a judgment in favor of the defendant, based upon the statute, was proper.

For the reason indicated, the judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.