F. H. LENTZ, RESPONDENT, v. EVENS & HOWARD FIRE BRICK COMPANY, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed December 21, 1928.

*Corpus Juris-Cyc References: Courts, 15CJ, section 165, p. 847, n. 30; Venue, 40Cyc, p. 92, n. 65.

*William W. Crowdus* and *Buder & Buder* for appellant.

*Watson & Allison* for respondent.

BAILEY, J.—This is an action for damages growing out of an alleged breach of contract for the purchase and sale of a car of fire

clay. The suit was brought in the circuit court of Phelps county in which county plaintiff resides. Service was had on defendant in the city of St. Louis where its principal and only office or place of business was located.

The petition is in conventional form for breach of contract. Defendant filed a plea to the jurisdiction of the circuit court of Phelps county, appearing specially for that sole purpose. It is alleged in defendant's plea that defendant is a Missouri Corporation and a resident of St. Louis, Missouri, where its principal office and place of business was kept; that defendant never has kept an office or agent for transaction of its usual and customary business in Phelps county; that plaintiff's cause of action, if any, arose in the city of St. Louis and that defendant has not been found or served with a summons in this action in Phelps county, and that defendant has not entered its appearance or waived issuance of summons; that the contract was entered into in St. Louis and that the alleged breach occurred within the city of St. Louis; that the service of summons on defendant in the city of St. Louis did not give the Phelps county circuit court jurisdiction over defendant. Wherefore defendant moved the dismissal of the suit and that the writ of summons and sheriff's return be quashed. The trial court overruled the plea to the jurisdiction. Defendant refused to plead or appear further. Whereupon the court found the issues for plaintiff and rendered judgment in the sum of $190.14. Defendant appealed.

It is stated in defendant's brief that the place of accrual of the cause of action is the chief issue in the case. Plaintiff raises the further question of waiver. These two propositions will be considered in order. .

At the hearing on the plea to the jurisdiction defendant offered evidence tending to prove that plaintiff submitted to it, at St. Louis, samples of clay; that after testing a certain sample of white clay it sent a written order for two cars thereof from defendant at Rolla for further test; that nothing was mentioned as to right of inspection; that plaintiff shipped defendant one car of clay, and notified defendant thereof by letter mailed at Rolla, Missouri; that defendant inspected the clay upon its arrival in St. Louis and there rejected the car of clay because it was not according to sample; that defendant notified plaintiff of the rejection of said car of clay by telegram; that it never inspected the clay at Rolla, maintained no office in Phelps county and had no agent or employee there representing it. Plaintiff offered no evidence at the hearing on the plea to the jurisdiction.

It is uncontroverted that when defendant ordered two cars of clay and plaintiff accepted same, the contract became complete and upon loading the car of clay at Rolla, title thereto passed to defendant. The right of inspection, however, was not thereby lost. Defendant

retained the right to inspect at point of destination and, if the car of clay was not according to sample, defendant was not bound to accept same. [Helm Feed & Coal Company v. Butler Co. Milling Co., 269 S. W. 630.] Defendant exercised that right and rejected the car of clay at the point of destination, to-wit: St. Louis. It is clear then, that if defendant breached its contract, such breach occurred in the city of St. Louis. The sending of the telegram by defendant to plaintiff rejecting the car of clay, gave rise to plaintiff's cause of action. The place of breach is usually the place of performance and it is there the cause of action accrues. In the case of Motherstadt v. Newman Motor Cars, 204 Mo. App. 619, 217 S. W. 591, this court states the law in language, as follows: "It is the breach of the contract rather than the making of it that accrues the cause of action and hence the place of the breach (or refusal to pay) rather than the place of making the contract fixes the place where the cause of action accrues. As a general proposition this is good law." [Citing authorities, l. c. 621.]

It is further held in that case that mere refusal to pay money, no place of payment being agreed upon, does not accrue the action at the place where the creditor resides or may be found when the refusal to pay is made. In Barnett, Haynes & Barnett v. Building Company, 137 Mo. App. 636, l. c. 648, 119 S. W. 471, it is said that, "In such as were actions on contracts, the courts, in striving to ascertain the proper venue, laid stress on the place of breach. We add another authority for the proposition that the right venue is where the breach occurred, at least, if the contract was formed there, as it was in the case at bar." In Hibernia National Bank v. Lacombe, 84 N. Y. 367, l. c. 383, 38 Am. Rep. 518, we find a quotation from an eminent English authority which is in point here. It is there said in part that " 'The cause of action arises when that is not done which ought to have been done; or that is done which ought not to have been done. But the time when the cause of action arises determines, also, the place where it arises, for when that occurs which is the cause of action, the place where it occurs is the place where the cause of action arises.' " In the case at bar the defendant committed a breach of the contract, if at all, when it refused to accept the shipment in St. Louis. It was there it committed the act which it should not have done without justification or excuse. No cause of action accrued at Rolla. The basis of the suit was the alleged breach which occurred in St. Louis. Our statute provides that in suits against corporations, the action shall be commenced either in the county where the cause of action accrued or where such corporation shall have or usually keeps an office or agent for the transaction of its usual and customary business. [Sec. 1180, R. S. 1919.] Since defendant's sole place of busi-

ness was in the city of St. Louis and the cause of action accrued in that city, it follows the circuit court of Phelps county had no jurisdiction and the plaintiff's petition should have been dismissed on defendant's plea to the jurisdiction.

There was no waiver of the point as to jurisdiction. Defendant could have pleaded to the merits and have raised a question of jurisdiction in the same answer. [Roberts v. State Insurance Co., 26 Mo. App. 92.] Even participation in the trial would not necessarily constitute a waiver. [Peak v. International Harvester Co., 194 Mo. App. 128, 186 S. W. 574.] In this case the answer specifically and in the first instance raised the question of jurisdiction and defendant limited its appearance for that purpose only. The authority of the court was at no time recognized. Upon failure of the court to sustain its plea to the jurisdiction, defendant refused to plead further. Clearly there was no waiver. The judgment is reversed and the cause remanded with directions to dismiss plaintiff's petition without prejudice. *Cox, P. J.,* and *Bradley, J.,* concur.

