STATE of Missouri ex rel. CUMMINS MIS-
SOURI DIESEL SALES CORPORA-
TION, Relator,

v.

Honorable Edward T. EVERSOLE, Judge,
Circuit Court of Jefferson County, Twenty-
First Judicial Circuit of Missouri, Re-
spondent.

No. 30420.

St. Louis Court of Appeals.

Missouri.

Feb. 16, 1960.

Elliott P. Koenig, Allen A. Yoder, St. Louis, for relator. Rassieur, Long & Yawitz, St. Louis, of counsel.

Dearing, Richeson & Weier, H. L. C. Weier, Hillsboro, for respondent.

ANDERSON, Judge.

This is an original proceeding in prohibition to prevent respondent, as Judge of the Circuit Court of Jefferson County, from assuming jurisdiction of a case filed in said court entitled Harold Gillam, plaintiff, v. Cummins Missouri Diesel Sales Corporation, defendant. Plaintiff is a resident of Jefferson County, and defendant is a foreign corporation licensed to do business in the State of Missouri, with its sole office and place of business in St. Louis. The petition filed in said cause (caption and signatures omitted) is in words and figures as follows:

"Comes now plaintiff and for Count I of his cause of action against defendant states:

"1. That plaintiff is a resident of Jefferson County, Missouri, and was a resident of said county and state at all times hereinafter mentioned and that the cause of action, herein alleged accrued in said county and state; that the defendant Cummins Missouri Diesel Sales Corporation is a corporation organized and existing according to law with its principal office and place of business at 3218 Lucas Avenue, St. Louis, Missouri.

"2. That on the 28th day of January, 1959, defendant sold to plaintiff

one JT6B International Diesel engine for the total sum of $884.10 which was paid on said date by the plaintiff.

"3. That on the same date, the defendant agreed to assemble the various parts to said engine, water test and repair the same as necessary and to place the engine in good working condition; that said work was completed by the defendant for the sum of $74.25, which was paid by the plaintiff and the engine was thereupon delivered to the plaintiff.

"4. That on the 3rd day of February, 1959, due to improper, careless and negligent work in the installation and assembly of said engine and the various gaskets and valves thereof, the oil system of said engine failed to function properly and the engine burned out causing plaintiff to expend for repairs more than $657.52, and causing plaintiff to lose valuable time at his employment as a truck operator and to incur expenses in connection with the repair of his truck engine, all to plaintiff's damage in the sum of $1200.00.

"Wherefore, plaintiff prays judgment against the defendant in the sum of Twelve Hundred Dollars ($1200.00), together with his costs.

"Count II.

"Comes now plaintiff and for Count II of his petition herein states:

"1. Plaintiff adopts the allegations contained in paragraphs 1, 2 and 3 of Count I of plaintiff's petition.

"2. Plaintiff states that at the time of the purchase and assembly of the engine as aforesaid, the defendant agreed to sell and assemble said engine for use in a truck and warranted the same to be in all respects fit and proper for use as an engine to furnish power for the operation of a truck.

"3. That plaintiff relied upon said warranty, and attempted to use said en-

gine, for the purpose aforesaid, but that the same proved unsound in that the oil system thereto was improperly assembled and did not work and the engine and the parts thereof were submitted to unusual friction, heat and thereupon failed to operate.

"4. That as soon as said failure was ascertained, plaintiff notified the defendant thereof, and the plaintiff has had to expend $657.52 for parts and repairs in order to make the same function as an engine.

"5. That by reason of the premises, plaintiff has been damaged in the sum of $657.52.

"Wherefore, plaintiff prays judgment against the defendant in the sum of $657.52, together with his costs."

Upon the filing of the foregoing petition the Clerk of the Circuit Court of Jefferson County issued and forwarded to Martin L. Tozer, Sheriff of the City of St. Louis, a summons with a copy of the petition attached for service upon the defendant. This summons, with a copy of the petition attached, was duly served upon defendant at its place of business in St. Louis.

Thereafter, and on May 2, 1959, defendant appeared specially and filed its motion to quash the service of said summons and to dismiss the action, upon the ground that the Circuit Court of Jefferson County did not have jurisdiction of the defendant for the reason that under Section 508.040 RSMo 1949, V.A.M.S., venue in said action did not lie in said court. With said motion, defendant filed an affidavit of its President, Donald J. Mitchell. In said affidavit affiant stated that defendant was a foreign corporation authorized to do business in the State of Missouri; that defendant's sole office and place of business was in the City of St. Louis; that said corporation had neither an office nor place of business in Jefferson County; and that the sale and repair of the engine men-

tioned in the pleadings were both transactions which occurred at defendant's place of business in St. Louis.

Thereafter, the motion to quash service of summons and to dismiss the cause was submitted to the court and by it overruled. Defendant then filed in this court its petition for prohibition. In said petition the following facts were alleged: that respondent was the duly elected, qualified and acting Judge of the Circuit Court of Jefferson County; that Cummins Missouri Diesel Sales Corporation was an Indiana corporation duly authorized to do business in the State of Missouri, and that said corporation maintained its only office, shop and place of business in Missouri at a certain address in the City of St. Louis; that the lawsuit in question was filed in the Circuit Court of Jefferson County on March 30, 1959; that copies of the petition and summons were forwarded to the sheriff of the City of St. Louis and served by the sheriff's deputy upon the defendant on April 2, 1959, at the latter's place of business in St. Louis; that defendant did, on the 2nd day of May, 1959, appear specially in said cause and file its motion to quash the summons and dismiss the action, upon the ground that the court did not have jurisdiction for the reason that all of the transactions alleged in the petition took place at defendant's place of business in the City of St. Louis, and that defendant had no office or agent for the transaction of its usual and customary business in Jefferson County; that in support of the motion defendant filed an affidavit of Donald J. Mitchell, President of defendant company, attesting to the facts set forth in the motion; and that respondent Judge overruled said motion on June 25, 1959, and by doing so assumed jurisdiction over defendant. The foregoing facts were admitted by respondent in his return.

The petition further alleged the following facts (which facts respondent denied in his return): that on January 28, 1959, petitioner sold Harold Gillam a short block assembly, referred to in paragraph 2 of plaintiff's petition as an engine; that said short block assembly was delivered, paid for, and title transferred at petitioner's shop in St. Louis; that petitioner at the time of the sale agreed to perform certain work on and furnish certain materials to said short block assembly; that thereafter in its shop in St. Louis petitioner did perform certain work on and furnish materials to said short block assembly; that an engine was assembled by petitioner in its shop in St. Louis from said short block assembly and other component parts furnished by Harold Gillam, and delivered to and accepted by Harold Gillam in the City of St. Louis, and thereafter removed by Harold Gillam to Jefferson County, Missouri; and that any agreement or contract made by petitioner with Harold Gillam was completely performed in the City of St. Louis.

It was then averred that under the plaintiff's petition, supplemented by petitioner's affidavit filed in said cause, and under the facts alleged, respondent was without jurisdiction over the person of petitioner. A permanent writ was prayed enjoining respondent from exercising any jurisdiction over the defendant in said cause in question now pending before him in the Jefferson County Circuit Court.

Respondent's return, after the admissions and denials heretofore mentioned, alleged that Count I of plaintiff's petition stated a cause of action based upon negligent acts of defendant, and Count II, a cause of action for breach of warranty; that said causes of action accrued in Jefferson County; and that respondent had jurisdiction over the defendant until such time as it should be determined from the pleadings and the facts that the causes of action, as alleged, did not accrue in Jefferson County.

The issue of jurisdiction in this case is to be determined under the provisions of Section 508.040 RSMo 1949, V.A.M.S., as construed in relation to the facts alleged

in the pleadings filed in the Jefferson County Circuit Court and those admitted in the pleadings here. Section 508.040, supra, provides as follows:

"Suits against corporations shall be commenced either in the county where the cause of action accrued, * * * or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business."

If the venue in this case is improper, the court below acquired no jurisdiction of the defendant by the purported service on defendant in the City of St. Louis, hence prohibition will lie. State ex rel. Boll v. Weinstein, 265 Mo. 1179, 295 S.W.2d 62. Proper venue is necessary before the service of process will confer jurisdiction over the person of a defendant. State ex rel. Bartlett v. McQueen, 361 Mo. 1029, 238 S.W.2d 393.

From the record, it appears that petitioner is a corporation organized and existing under the laws of the State of Indiana; that it is duly licensed and authorized to do business in the State of Missouri; that its sole office and place of business in Missouri is located in the City of St. Louis; and that it never had an agent or place of business in Jefferson County.

It also appears, from the allegations of relator's petition for our writ, and the admissions of respondent in his return, that the sale and repair of the engine referred to in plaintiff's petition below were transactions which occurred at relator's place of business in the City of St. Louis. The case was also submitted here on the assumption that the said engine failed to function properly and "burned out" while being operated in Jefferson County.

It is conceded by the parties that the proper venue in this case depends upon a determination as to where the cause of action accrued. If it accrued in Jefferson County, then the case was properly brought

in that jurisdiction. On the other hand, if said cause of action accrued in the City of St. Louis, the Circuit Court of Jefferson County acquired no jurisdiction over the defendant.

It is relator's position that Count I of the petition states a cause of action for breach of contract, which breach, under the facts alleged, occurred in the City of St. Louis, and for that reason proper venue in said cause is in the Circuit Court of the City of St. Louis and not in the Circuit Court of Jefferson County. On the other hand, it is urged by respondent that Count I states a cause of action ex delicto, and since the damage resulting from the alleged negligent acts were sustained in Jefferson County, venue was properly laid in the Circuit Court of that county. Our first task, then, is to determine the character of the cause of action asserted.

It is alleged in Count I of the petition that defendant did, on the 28th day of January, 1959, agree to and did sell plaintiff a Diesel engine for a consideration of $884.-10; that on the same date defendant also "agreed to assemble the various parts to said engine, water test and repair the same as necessary, and to place the engine in good working condition," and that defendant did so for a consideration of $74.25, which was paid by plaintiff and the engine delivered to him. After thus setting out the terms of the agreement, and a performance by defendant, the petition alleges: "due to improper, careless and negligent work in the installation and assembly of said engine and the various gaskets and valves thereof, the oil system of said engine failed to function properly and the engine burned out." There then follow allegations with reference to the damage sustained.

In order to determine the character of the action, whether ex contractu or ex delicto, it is necessary to ascertain the source of the duty claimed to have been violated. If this duty is one imposed mere-

ly by the contract, then any action for the breach thereof is necessarily ex contractu. Fuchs v. Parsons Construction Co., 166 Neb. 188, 88 N.W.2d 648. On the other hand, if a party sues for breach of duty prescribed by law as an incident of the relation or status which the parties have created by their agreement, the action may be one in tort, even though the breach of duty may also be a violation of the terms of the contract. Wernick v. St. Louis & S. F. R. Co., 131 Mo.App. 37, 109 S.W. 1027. In such a case, the party has a choice whether to proceed in tort for violation of the duty imposed by law, or by an action on the contract for breach of the contractural obligation. Also, there may be extraneous circumstances in connection with the contract, but not constituting elements thereof which will give rise to an action in tort. But in the case at bar it is plain that the breach of duty which is made the basis of plaintiff's claim is one which arose under the contract concerning the repair of the engine, and was not a breach of duty imposed by law. Nor was the action alleged one springing from circumstances independent of the agreement.

■■ The failure to properly perform by defendant was a failure to discharge its agreement, and was solely a breach of contract. No refinement of reasoning can or should avoid such conclusion, and the fact that the acts constituting the breach of contract are alleged as negligently done does not change the situation. Meade v. Missouri K. & T. Ry. Co., 183 Mo.App. 353, 166 S.W. 1116; Fuchs v. Parsons Const. Co., supra. It is an allegation only as to the manner of making the breach. In every such contract there is an implied agreement to the effect that the person performing services of the nature rendered here will use ordinary care to perform his work in a workmanlike manner so as not to create a condition likely to cause injury of the character here sustained. But such implied term of the contract, as contradistinguished from an obligation imposed by law, may be invoked in a suit on the contract, for it is one of the matters stipulated for therein, though not expressed in words.

■ Having found that Count I states a cause of action on the contract, the next question is: where did the breach of the agreement occur? This obviously was in the City of St. Louis, the place of performance contemplated by the parties. It was there the alleged improper repairs were made and where the engine was delivered to plaintiff in its defective condition. Such being the case, the cause of action accrued in the City of St. Louis, and the proper venue of any suit for damages for said breach was the City of St. Louis and not Jefferson County. Peak v. International Harvester Co. of America, 194 Mo.App. 128, 186 S.W. 574; Moherstadt v. Harry Newman, Inc., Motor Cars, 204 Mo.App. 619, 217 S.W. 591; Wood v. Saylor Tie & Timber Co., Mo.App., 67 S.W.2d 826; Lentz v. Evans & Howard Fire Brick Co., 223 Mo.App. 1017, 11 S.W.2d 1070.

■ Count II of plaintiff's petition states a cause of action for breach of warranty. That breach of warranty, if any, occurred when the sale of the engine was completed by the delivery of same to plaintiff, and the latter's right of action arose immediately upon such breach. Jackson v. Farmers Union Livestock Commission, 238 Mo.App. 449, 181 S.W.2d 211; W. S. Rockwell Co. v. Lindquist Hardware Co., 143 Conn. 684, 125 A.2d 173; E. O. Painter Fertilizer Co. v. Kil-Tone Co., 105 N.J.L. 109, 143 A. 332. Delivery was made in the City of St. Louis. Therefore, the cause of action accrued in the City of St. Louis and not in Jefferson County.

■ Under the facts before us, it is clear that the Circuit Court of Jefferson County is without jurisdiction of the defendant in the suit filed in said court by Harold Gillam against relator herein. And, since under the admitted facts no case conferring jurisdiction could be stated, our writ should be made permanent. State ex rel. National Refining Co. v. Seehorn, 344

Mo. 547, 127 S.W.2d 418; State ex rel. C. H. Atkinson Paving Co. v. Aronson, 345 Mo. 937, 138 S.W.2d 1.

Our provisional rule in prohibition is made absolute.

WOLFE, P. J., and RUDDY, J., concur.