Walter E. STAMM and Doris Stamm, Plaintiffs-Respondents,

v.

John P. REUTER, Jr., d/b/a Missouri Roofing Company, Defendant-Appellant.

No. 33002.

St. Louis Court of Appeals.

Missouri.

Sept. 17, 1968.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 23, 1968.

Mellitz, Mass, Agatstein & Frank, St. Louis, for defendant-appellant.

Murphy Roche & Schlapprizzi, Donald L. Schlapprizzi, St. Louis, for plaintiffs-respondents.

DOERNER, Commissioner.

This suit arose out of a contract in which defendant agreed to install a roof on a new residence that plaintiffs, husband and wife, were constructing. The evidence of both parties is that after installation the roof leaked in numerous places, and that the defendant, over a period of time, was unsuccessful in his efforts to stop the leaks. Plaintiffs had another roofer remove the original roof and install a new one, and brought this action to recover damages. The jury returned a verdict in favor of plaintiffs for $5,000, on which judgment was entered, and after an unavailing motion for a new trial defendant appealed.

There is a sharp dispute between the parties as to the nature of plaintiffs' action. In their one-count petition plaintiffs alleged both that defendant breached an express warranty and that defendant negligently and carelessly installed the roof. Prior to trial defendant raised no objection to the petition. At the request of plaintiff the court gave Instruction No. 3, by which the jury was instructed that its verdict must be for plaintiffs if it believed that defendant failed to install a gravel stop with a four inch flange, or installed the roof in such a manner that the roofing material buckled or bubbled, that defendant's conduct in either or both respects was negligent, and that as a direct result of such negligence plaintiffs sustained damage. But while defendant asserts that plaintiffs' cause of action sounded in contract rather than in tort (compare State of Missouri ex rel. Cummins Missouri Diesel Sales Corporation v. Eversole, Mo.App., 332 S.W.2d 53, 93 A.L.R.2d 875, and Wernick v. St. Louis & S. F. R. Co., 131 Mo. App. 37, 109 S.W. 1027), nevertheless defendant does not complain that the court erred in giving Instruction No. 3. Nor does he dispute the sufficiency of the evidence to support the verdict, for in his brief he concedes: "Defendant does not question that the jury's verdict, *with respect to liability,* (emphasis his) is supported by substantial evidence. * * *" In fact, by his statement that, "* * * The only issue on appeal relates to the amount of damages awarded" defendant with commendable brevity and clarity limits the scope of our review.

In that connection it should be stated that plaintiffs followed alternative paths in proving up the nature and amount of their damages. On the one hand their evidence was that the difference in market value of their residence with the leaky roof and what it would have been with a good roof was from $5000 to $6500. On the other, their evidence was that after defendant's repeated and unsuccessful efforts, over a period of time, to stop the original roof from leaking they had it removed and a new one installed, for which they had paid $1570; that to install a four-inch wide flange around the perimeter of the roof, to replace the two-inch wide flange which defendant admitted he had used in violation of the specifications and which plaintiffs' evidence showed contributed to the leaking, would cost $1400; that they had had a gravel stop installed at one location, costing $18.64; that they purchased paint in the amount of $48.41 with which to repaint walls and ceilings stained by the leaking water; that they expended $48.50 for washing floors and cleaning rugs similarly damaged; and that to replace

their drapes, ruined by the water, would cost $250. Such items totaled $3335.55.

At the request of plaintiffs the court gave Instruction No. 4 on the measure of damages, which corresponded with MAI 4.01, and refused to give defendant's Instruction No. D, which read:

"The Court instructs the jury that if your verdict shall be for plaintiff, the amount shall be the lesser of:

"1. The reasonable cost of replacing the roof with one of the quality and kind contemplated in the agreement between plaintiff and defendant, and

"2. The difference in the fair market value of plaintiff's property if a roof of the quality and kind contemplated in the agreement between plaintiff and defendant had been installed, and the value of the property with the roof of the quality and kind as was installed."

Defendant maintains that the court erred both in giving Instruction No. 4 and in refusing to give his Instruction No. D, and argues that, "However, whether this case is a suit for breach of contract or is a tort action is not determinative of the propriety of Instruction (MAI) 4.01. In either case, Appellant urges when the damage is to real property and the measure of damages is one fixed by judicial decision, that measure should be defined and applied, rather than leaving to the jury the determination as to what amount would in its discretion fairly and justly compensate plaintiff."

If plaintiffs' cause of action was in tort there can be no doubt that the trial court did not err in giving Instruction No. 3 (MAI 4.01) and in refusing to give Instruction No. D. For in Jack L. Baker Companies v. Pasley Manufacturing and

Distributing Co., Mo., 413 S.W.2d 268, an action to recover for damages to real property caused by defendant's negligence, the Supreme Court approved the use of MAI 4.01. In fact, it indicated that under Civil Rule 70.01(b), V.A.M.R., the submission of any other instruction on the measure of damages would have been error.

 Conversely, if plaintiffs' action was for breach of contract, we see no error in the use of MAI 4.01. We are aware of the fact that all of the cases cited in the Committee's Comment[1] on MAI 4.01 were actions in tort. We are also aware of the fact that an instruction other than MAI 4.01 was submitted in Kahn v. Prahl, Mo., 414 S.W.2d 269, an action for breach of contract, but the question of whether MAI 4.01 could or should have been used was not raised by the appellant or discussed by the court. In general, the measure of damages for injury to real property is the same whether the cause of action is in tort or in contract—the lesser of the cost of repairs or the before and after difference in fair market value. Compare Curtis v. Fruin-Colnon Contracting Co., 363 Mo. 676, 253 S.W.2d 158, with Kahn v. Prahl, supra, and Hotchner v. Liebowits, Mo.App., 341 S.W.2d 319. Defendant argues that the use of MAI 4.01 in a breach of contract action does not sufficiently inform the jury as to what factors should be considered in arriving at the damages to be awarded and that it gives the jury a roving commission. Precisely that same argument was made in Jack L. Baker Companies v. Pasley Manufacturing and Distributing Co., supra. The court there pointed out that evidence of the cost of repairs and of the before and after market value was introduced, and that such evidence was before the jury for its consideration in determining what sum would fairly and justly compen-

1. Clark v. Atchison & Eastern Bridge Co., 333 Mo. 721, 729, 62 S.W.2d 1079, 1082 [cert. den. 290 U.S. 701, 54 S.Ct. 229, 78 L.Ed. 693]; Rush v. Hollingsworth, Mo.App., 89 S.W.2d 535; Coats v. Old, 237 Mo.App. 353, 356, 167 S.W.2d 652, 653; Martin v. Kansas City, Mo., 340 S.W.2d 645, 650; Westfall v. Mossinghoff, J. & Co., Mo., 345 S.W.2d 148, 153.

sate the plaintiff. That is likewise true in the present case, and if the contention made is without merit in an action in tort for damage to real property it is equally without merit in an action to recover such damages resulting from a breach of contract.

█ Defendant also asserts that the verdict was excessive. We agree. Plaintiffs' own evidence was that the new roof and the installation of the four-inch flange to replace the two-inch flange installed by defendant would give them what they were entitled to receive under the contract, a roof which does not leak. Those items were $1570 and $1400, respectively. Their actual or necessary expenditures for cleaning, paint and other items, according to their evidence were $365.55, or a total of $3335.55. Since that sum will make them whole and is less than the difference in the market value of their property had defendant installed the roof as called for by the contract it is the limit of their recovery. Kahn v. Prahl, supra.

Accordingly, if plaintiffs will remit the sum of $1664.45 within fifteen days of the filing of this opinion then the judgment shall stand affirmed in the sum of $3335.55 as of the date of the original judgment. Otherwise the judgment will stand reversed and the cause will be remanded for a new trial on all issues.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, if plaintiffs remit the sum of $1664.45 within fifteen days of filing of this opinion then judgment shall stand affirmed in the sum of $3335.55 as of date of original judgment. Otherwise judgment will stand reversed and cause remanded for new trial on all issues.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.